```
               IN THE UNITED STATES DISTRICT COURT

              FOR THE SOUTHERN DISTRICT OF TEXAS

                        HOUSTON DIVISION
```

CYNTHIA DAVIS,
    PLAINTIFF,

V.                               CIVIL ACTION NO. H-09-1031

USA TODAY; RANDY SCHAWE AND
BRIAN KELLY,
    DEFENDANTS.

<u>PLAINTIFF, CYNTHIA DAVIS', FIRST AMENDED COMPLAINT</u>

    This Amended Complaint is filed by Plaintiff to clarify the pro se pleadings previously filed and presently before the Court.

Cynthia Davis, hereinafter and sometimes referred to as Plaintiff brings this lawsuit against Defendants, Gannett Satellite Information Network, Inc. (GANSAT) and USA TODAY. Plaintiff is filing a Voluntary Stipulation of Dismissal for all other Defendants herein in that the contract that was entered into between Plaintiff and Gannett Satellite Information Network (GANSAT) and USA TODAY.

    This amendment also makes clear that the lawsuit is being brought on the ground of breach of contract. Plaintiff would show unto the Court as follows:

<u>Jurisdiction, Venue and Parties</u>

1. This matter was removed by Defendants; jurisdiction lies with this Court under diversity of citizenship (28 U.S.C. 1332(a)(1)).

2. At all times material to this action, Plaintiff is and remains a resident of Harris County, Texas.

3. Defendants, GANNETT SATELLITE INFORMATION NETWORK, INC. (GANSAT), is a corporate entity doing business in Harris County, Texas, and entered a contract with Plaintiff in Harris County, Texas.

4. Defendants, USA Today, is a corporate entity doing business in Harris County, Texas, and entered a contract with Plaintiff in Harris County, Texas.

5. Jurisdiction and venue are proper with this Court.

<u>Underlying Facts</u>

6. On or about October 3, 2008, Plaintiff entered into a contract with Defendants to deliver papers for Defendant. The contract was from September 23, 2008, to October 23, 2009.

7. The contract is referenced as a Substitute Agent Contract and is attached under **attachment 1** herein.

8. Plaintiff performed under the terms of the contract from October 8, 2008 until October 8, 2009. Plaintiff complied with the terms of the contract but Defendants did not.

9.   Plaintiff contends that Defendants violated the terms of the contract by not paying consistent with the clear and explicit contractual terms.

10.   The contract between the parties provides that Plaintiff was to become a delivery and collection agent for Gannett Satellite Information Network.  Plaintiff was an independent contractor and not an employee of Defendant.

11.   The parties agreed that Defendant would provide Plaintiff with an "appropriate number of GANSAT publications" that are needed for the assigned delivery area.

12.   Plaintiff agreed to deliver the newspapers on time and in good condition to all of the locations in the delivery schedule.

13.   The agreement required Plaintiff to pick up any unsold Newspapers from each outlet every day and bring them back to GANSAT.

14.   Under paragraph 8 of the agreement, the parties agreed that "[t]he amount that we pay you may be changed at any time we both agree, or by us, provided that we give you at least seven (7) days written notice in advance".

15.   The contract provides that the substitute daily rate is $50.00 a day.  Contractor would work five (5) days a week for substitute minimum rate of $250.00.

16. The parties also agreed to a document referenced as Wholesale Agreement on October 3, 2008. This document is attached to this pleading under **attachment 2**.

17. The Wholesale Agreement mirrors the Substitute Agent Contract in most aspects but adds additional provisions surrounding termination of the agreement, waiver of jury trial and notice provisions. The contract is signed by David Tutt for GANSAT and Cynthia Davis as a Contractor.

18. The Whole Agreement provides that GANSET agrees to sell to Contractor a sufficient number of copies of publications to perform the obligations set for in this Agreement at the wholesale rats, which rates GANSET may change upon thirty (30) days' prior written notice to Contractor.

| Publication | Rate Per Copy |
|---|---|
| USA TODAY | $0.430 |
| Sports Weekly | $1.180 |
| Special Editions | $2.900 |

19. The parties also entered a contract entitled "Contract Fulfillment Rebate Addendum." The addendum provides that "Contractor agrees to contribute to USA TODAY $1.00 PER USA TODAY publication day as a guarantee that Contractor will fulfill the one-year term of our agreement." This agreement provided that if Contractor fulfilled the terms of the

4

contractor, then GANSAT will pay contractor the amount of $1,000.00 within 21 days of the completion of the contract (see **attachment 3** herein).

20. The parties also entered a Delivery Sales Agreement to address the delivery of USA TODAY and Sports Weekly newspapers to UH/South Loop/Reliant Center delivery area and known as District: 1; Route: 107 (**attachment 4**).

21. The Delivery Sales Agreement contains the following compensation agreement:

| Delivery Type | Rate | Period (per copy/per day/per bundle/per location |
|---|---|---|
| USA TODAY Billed Newstands – UT | $0.150 | Per copy sold |
| USA TODAY Billed Newstand – SW | $0.250 | Per copy sold |
| USA TODAY Billed Newstands – SO | $0.250 | Per copy sold |
| Drop Captain/Post Office Drops | $0.000 | Per publication day |
| NE – Classline Schools | $0.100 | Per copy delivered |
| College Readership | $10.000 | Per publication day |
| Hotel(s) Drop Deliveries | $0.020 | Per copy delivered |
| Home Delivery Agent | $0.000 | Per publication date |
| Home Delivery TA | $0.330 | Per copy delivered |
| Single Copy Delivery Agent | $0.000 | Per publication date |

22. Consistent with the previous agreement, the agreement provided a charge of $1.00 a week for a Palm top.

23. Under number paragraph 7, the agreement reads, "Contractor has not paid, and will not be required to pay, GANSAT any fee or charge directly or indirectly for the right to enter into this Agreement."

5

24. The parties agreed to a $100.00 performance bonus for every 10 weeks of service. The performance bonus was related to Contractor's service under the contract and not the work for non-payment of third parties.

25. As part of the agreement of the parties, Defendant provided Plaintiff a document entitled Route Profit Estimate. The markings on the document are not Plaintiff, but were made by agents of Defendant (**attachment 5**). The Weekly Net circled was $307.79.

26. On September 1, 2009, the Whole Agreement between USA TODAY (GANSAT) was terminated by providing thirty (30) days written notice of the termination of the agreement. The last day of delivery was to be Friday, October 9, 2009. The termination notice was signed by Randall Schawe, Circulation Director for USA TODAY.

Breach of Contract

27. Defendant has breached the contract by the failure to pay according to the terms of the contract and deducting amounts that were not consistent with the contract.

28. In context of charging amounts that were not consistent with the contract, Defendant deducted from Plaintiff's contract a Masthead Chargebacks that was not part of the contract (by way of example:  invoice date 2.24.09; 03.10.09; 03.24.09 the Masthead Chargeback was billed).  In

addition, Defendant unjustly delayed payment of the ten (10) week performance bonus.

29. Defendant has also failed to properly credit Plaintiff's account payment (failed to credit deposits of $146.67; $175.00; $145.90); improperly seized money from Plaintiff's account ($467.57); failure to pay Plaintiff the correct delivery express charges for all units Plaintiff delivered.

30. Defendant has failed to pay the net minimum of $307.00 and also failed to provide the proper credit consistent with the terms of the contract and documents distributed to Plaintiff (Route Profit Estimate; attachment 5).

31. In context, Plaintiff spoke with David Tutt on several occasions with respect to route 107 not making the net of $307.00 and Tutt promised to talk to his supervisors with respect to the issue and promised a refund for the balance owed.

## Prayer for Relief

32. Plaintiff prays for judgment for all amounts due and owing to Plaintiff under the terms of contract and the agreement of the parties;

33. Reasonable and necessary attorney's fees and costs;

34. Pre-judgment and post-judgment interests;

35. All costs of Court.

36. All matters under equity and the law that Plaintiff may be entitled.

DATE: May 18, 2010.

Respectfully submitted,

/S/ ANTHONY P. GRIFFIN
_____

ANTHONY P. GRIFFIN
A GRIFFIN LAWYERS
1115 MOODY
GALVESTON, TEXAS   77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102
STATE BAR NO. 08455300 (TEXAS)

ATTORNEY FOR CYNTHIA DAVIS

**JURY TRIAL IS DEMANDED**

CERTIFICATE OF SERVICE

This is to certify that on this the 18th day of May, 2010, Plaintiff's First Amended Complaint was forwarded to opposing counsel by electronically filing the subject document and notice consistent with the local rules and/or by certified mail whenever noticed, to-wit:

```
          NANCY L. PATTERSON
     MORGAN, LEWIS AND BOCKIUS, LLP
         A. JOHN HARPER, III
           POOJA S. SHIVANGI
       1000 LOUISIANA, SUITE 4200
          HOUSTON, TEXAS  77002
```

_____

ANTHONY P. GRIFFIN

c:word.davis_cynthia.first_amended_complaint.2009.3165